[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S OBJECTION TO ACCEPTANCE OF REFEREE'S REPORT
The plaintiff objects to the acceptance of the Attorney Trial Referee's report in this matter, pursuant to Practice Book §19-14.
The plaintiff does not take issue with the facts as ultimately found or that there were erroneous or rulings on evidence. The plaintiff has made motions to correct which were determined by the report of the Referee on the motions to correct, issued October 28, 1990. The objection to acceptance claims that the Attorney Trial Referee could not properly reach her conclusion, to wit refusing to pierce-the corporate veil, on the basis of subordinate facts found.
The plaintiff refers to the "identity" rule and the "instrumentality" rule articulated by Zaist v. Olson,154 Conn. 563 (1967). The "identity" rule pertains to a circumstance where both corporations have the same officers and directors, and that the corporations had no separate identity such that the independence of the of the corporations had in effect ceased. Under the findings of facts however, these two corporations acted independently, with separate placement of orders, individual job sites, individual bank accounts. From the finding it is clear that the corporations had separate identities.
The second is the "instrumentality" rule. Stated in an abbreviated fashion this requires complete domination", use of control to "commit fraud or wrong"; and that the breach of duty caused "injury or unjust loss." See Zaist, supra, p. 573. An example of this type of conduct would be to transfer the assets of a corporation to one's self or to another owned corporation so as to avoid the paying of legitimate debts. The facts found by the Attorney Trial Referee would not and do not state or support any such conclusion.
The fact that one of the defendants, Christine Sammartino is CT Page 864 the sole stockholder of both of the corporations, Tiger Lee and Bigelow, is not in and of itself significant. The law allows and permits single ownership of the stock of corporations, and further permits an individual to be the sole or controlling stockholder of more than one corporation. The law also permits relatives, here a husband, to work for the corporations. It is not the ability to control the corporations that is significant. Rather it is the methods utilized to accomplish wrongful purposes which may result in a conclusion that the corporate veil is to be pierced. Those factors are not present in this case.
The objection to the referee's report is overruled. Judgment is directed to be rendered in accordance with the Attorney Trial Referee's report. Practice Book § 19-16.
L. Paul Sullivan, J.